IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**DONNIE SYLVESTER**                                                **PETITIONER**

**v.**                                **CAUSE NO. 2:18-cv-3-KS-MTP**

**PELICIA HALL**                                                   **RESPONDENT**

## REPORT AND RECOMMENDATION

THIS MATTER is before the Court on Donnie Sylvester's Petition for Writ of Habeas Corpus [2] pursuant to 28 U.S.C. § 2254 and Respondent's Motion to Dismiss [13]. Having considered the submissions of the parties and the applicable law, the undersigned recommends that the Motion to Dismiss [13] be granted in part and denied in part and that the Petition [1] be dismissed without prejudice.

## BACKGROUND

Petitioner pleaded guilty to the crimes of drive-by shooting and aggravated assault in the Circuit Court of Perry County, Mississippi. ([13-1]). On September 3, 2009, he was sentenced to serve thirty years in the custody of the Mississippi Department of Corrections ("MDOC"), with fifteen years suspended, for the drive-by shooting and fifteen concurrent years for the aggravated assault. ([13-1]).

On November 20, 2017, Petitioner filed a civil rights action in this Court challenging the MDOC's determination that he is not entitled to Earned Release Supervision ("ERS"). *See Sylvester v. MDOC*, Civil Action No. 2:17-cv-188-KS-MTP. In that action, Petitioner sought a release from custody and damages. Because a release from custody must be pursued via a writ of habeas corpus, the Court severed Petitioner's claim for release and opened the instant habeas corpus action. ([1]).

Petitioner does not challenge his underlying guilty plea or sentence, but rather Respondent's calculation of his sentence.[1] Petitioner argues that he is entitled to ERS pursuant to Mississippi statute and that Respondent is improperly denying him ERS. Petitioner also argues that the denial of ERS violates the Equal Protection Clause.

According to Petitioner, he filed an Administrative Remedy Program grievance regarding these issues but did not file a post-conviction motion or habeas petition in state court. ([8] at 6-7). Thus, Petitioner filed this action, without seeking judicial review in state court. In her Motion to Dismiss [13], Respondent seeks the dismissal of this action for, *inter alia*, Petitioner's failure to exhaust available state court remedies as required under the Antiterrorism and Effective Death Penalty Act ("AEDPA").

## ANALYSIS

Under 28 U.S.C. § 2254(b)(1), any state prisoner seeking habeas relief is required to first exhaust state remedies. Section 2254 provides, in relevant part:

> (b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that—
>
> (A) the applicant has exhausted the state remedies available in the courts of the States; or
>
> (B)(i) there is an absence of available State corrective process; or
> (ii) circumstances exist that render such process ineffective to protect the rights

---

[1] Petitioner previously appealed the dismissal of a motion for post-conviction collateral relief to the Mississippi Supreme Court. The Mississippi Court of Appeals addressed this appeal. *See Sylvester v. State*, 113 So. 3d 618 (Miss. App. 2013); *Sylvester v. State*, 171 So. 3d 529 (Miss. App. 2014). In his appeal, Sylvester claimed that (1) his guilty plea was involuntary; (2) his sentence violated his constitutional rights, because he was not given an evidentiary hearing; and (3) he received ineffective assistance of counsel. *Id*. Sylvester asserted that his trial counsel had incorrectly informed him that he would receive trusty earned time and would be released on post-release supervision after he served five years. *Id*.

of the appellant.

. . .

(c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

A fundamental prerequisite to federal habeas relief is exhaustion of all claims in state court prior to requesting federal collateral relief. *Sterling v. Scott*, 57 F.3d 451, 453 (5th Cir. 1995) (citing *Rose v. Lundy*, 455 U.S. 509 (1982)). The exhaustion doctrine serves the salutary purpose of "giving the state courts the first opportunity to review the federal constitutional issues and to correct any errors made by the trial courts, [and thus] serves to minimize friction between our federal and state systems of justice." *Satterwhite v. Lynaugh*, 886 F.2d 90, 92 (5th Cir. 1989) (internal quotations and citations omitted).

"Because the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts…state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). "The exhaustion requirement is satisfied when the substance of the federal habeas claim has been fairly presented to the highest state court." *Mercadel v. Caim*, 179 F.3d 271, 275 (5th Cir. 1999) (citing *Fisher v. Texas*, 169 F.3d 295, 302 (5th Cir. 1999); *Whitehead v. Johnson*, 157 F.3d 384, 387 (5th Cir. 1998)). Further, exhaustion requires a habeas applicant to "'present his claims before the state courts in a procedurally proper manner according to the rules of the state courts.'" *Id*. (citing *Dupuy v. Butler*, 837 F.2d 699, 702 (5th Cir. 1988)).

Petitioner had an available procedure to challenge the denial of ERS, including an appeal in state court challenging the final decision rendered by the MDOC through the ARP. *See* Miss.

3

Code Ann. §§ 47-5-801—807; *Stokes v. State*, 984 So. 2d 1089 (Miss. App. 2008) (inmate appealed MDOC's denial of administrative remedy regarding calculation of his sentence); *Griffin v. Epps*, 58 So. 3d 1218 (Miss. App. 2011) (inmate appealed MDOC's denial of administrative remedy regarding eligibility for parole consideration) (*Neal v. MDOC Records Dep't.*, 115 So. 3d 894 (Miss. App. 2013) (inmate appealed decision regarding eligibility for ERS)

Because Petitioner admits that he has not pursued his claims in the state courts, this habeas action should be dismissed for failure to exhaust available state court remedies. *See Jones v. Epps*, 2013 WL 5447877, at *3 (S.D. Miss. Sept. 30, 2013); *Ellis v. Jones*, 2013 WL 2948024, at *1 (S.D. Miss. June 14, 2013); *Gilmore v. Epps*, 2012 WL 3309000, at *2 (S.D. Miss. Aug. 13, 2012).

Respondent also argues that this Petition be dismissed with prejudice for Petitioner's failure to state a claim. The undersigned, however, recommends that Petitioner be afforded an opportunity to properly exhaust his state court remedies before the Court considers whether a dismissal for failure to state a claim is appropriate.

## RECOMMENDATION

For the reasons stated above, the undersigned recommends that:

1. Respondent's Motion to Dismiss [13] be GRANTED in part and DENIED in part;

2. To the extent Respondent seeks dismissal of this action for Petitioner's failure to exhaust state court remedies, the Motion to Dismiss [13] be GRANTED; and

3. The Petition for Writ of Habeas Corpus [2] be DISMISSED WITHOUT PREJUDICE.

## NOTICE OF RIGHT TO OBJECT

In accordance with the Rules of this Court, any party, within fourteen days after being served a copy of this recommendation, may serve and file written objections to the

4

recommendations, with a copy to the District Judge, the U.S. Magistrate Judge, and the opposing party. The District Judge at that time may accept, reject or modify in whole or in part, the recommendation of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. Failure to timely file written objections to proposed findings, conclusions, and recommendations contained in this report will bar an aggrieved party, except on the grounds of plain error, from attacking on appeal unobjected to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996).

This 14th day of September, 2018.

                                                  s/ Michael T. Parker
                                                  United States Magistrate Judge